UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE LUTZ and RICHARD LUTZ, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case number 4:14cv1775 TCM ) |
| FRANK PICKLE and DAVID ROTHWEILER, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending in this diversity action is the opposed motion of Plaintiffs, Denise and Richard Lutz, to remand their action to the state court from which it was removed.[1] [Doc. 9]

Plaintiffs are Missouri residents. (Am. Compl. ¶ 1.) On October 2, 2014, they filed an action in the Circuit Court of Lincoln County, Missouri, against Frank Pickle, John Doe, John Roe, and David Roe, alleging that the four defendants – all identified as residents of Missouri – were liable for the damage to Plaintiffs' property caused by negligent electrical work on the residence Plaintiffs rented from Pickle. (Id.) Plaintiffs further alleged that they did not know the true name of John Doe, John Roe, or David Doe. (Id. ¶ 3-5.)

On October 21, Pickle removed the case to the federal court. (Def. Not., ECF No. 1.) He alleges he is a resident of Florida, not Missouri. (Id. ¶ 4.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

On November 18, Plaintiffs sought leave to file an amended complaint. (Pls. Mot., ECF No. 6.) This amended complaint identified James Moore as the previously named John Doe and David Rothweiler as the previously named David Roe. (Id.) John Roe remained unidentified. Plaintiffs admit that Pickle is a resident of Florida and allege that Moore and Rothweiler are residents of Missouri. (Id. ¶¶ 2-3, 5.) The Court granted Plaintiffs leave.

Plaintiffs now move to remand on the grounds that diversity of citizenship no longer exists. Pickle does not dispute that Moore and Rothweiler are residents of Missouri, but opposes the motion on the grounds that diversity did exist at the controlling time – when the action was removed.

Title 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." See **Walker v. CSX Transp. Inc.**, 650 F.3d 1392, 1396 n.11 (11th Cir. 2011) (finding that defendant "John Does" did not destroy diversity although their likely citizenship was the same as plaintiff because "fictitious 'named' parties [are] disregarded for purposes of diversity jurisdiction"); **Universal Commc'n Sys., Inc. v. Lycos, Inc.**, 478 F.3d 413, 426 n.10 (1st Cir. 2007) ("The presence of John Does does not destroy diversity jurisdiction in cases removed to federal court."); **Australian Gold, Inc. v. Hatfield**, 436 F.3d 1228, 1235 (10th Cir. 2006) (same).

Pickle correctly notes that "[this] court's jurisdiction is measured at the time of removal." **Grawitch v. Charter Commc'ns, Inc.**, 750 F.3d 956, 959 (8th Cir. 2014). The issue before the Court, however, is whether remand is required by the subsequent

identification of John Doe and David Roe and their replacement in an amended complaint with two named defendants who are Missouri residents.

In 1988, Congress enacted 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

In **Casas Office Machines, Inc. v. Mita Copystar Am., Inc.**, 42 F.3d 668, 674 (1st Cir. 1994), the court held that, "[a]lthough this provision relates expressly to joinder, the legislative history . . . indicates that § 1447(e) applies also to the identification of fictitious defendants after removal." The court concluded that "[a] district court may not . . . do what the court below did here, that is substitute the nondiverse, named defendants for the fictitious defendants – thereby defeating federal diversity jurisdiction – and then continue to deal with the merits of the dispute." **Id.** at 675. The Fifth Circuit has found the First Circuit's reasoning persuasive and concluded that the subsequent identification of John Doe defendants as non-diverse named individuals requires remand under § 1447(e). **Doleac ex rel. Doleac v. Michalson**, 264 F.3d 470, 477 (5th Cir. 2001). Similarly, in **Curry v. U.S. Bulk Transport, Inc.**, 462 F.3d 536, 541 (6th Cir. 2006), the Sixth Circuit held that complete diversity was destroyed when the court granted the plaintiff's motion to amend his complaint to name two defendants formerly identified as John Does and add them as nondiverse defendants. The court noted the general rule "that diversity is determined at the time of the filing of a lawsuit," but further noted that "persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a

previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." **Id.** 540. Consequently, remand was required. **Id.** at 541.

In **McPhail v. Deere & Co.**, 529 F.3d 947 (10th Cir. 2008), cited by Pickle, the court rejected the plaintiff's argument that the identification of three John Doe defendants as nondiverse defendants destroyed diversity and required remand. **Id.** 951. The court held, however, "[t]o be sure, *if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court*." **Id.** (emphasis added). "Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name." **Id.** Remand was not required in that case because the plaintiff never attempted to amend her complaint. **Id.** at 952.

In the instant case, Plaintiffs were granted leave to amend their complaint to identify John Doe[2] and David Roe. It is undisputed that both are Missouri residents, as are Plaintiffs.

In the absence of any Eighth Circuit Court of Appeals decision on point and of any Circuit Court of Appeals decision to the contrary, the Court finds the reasoning of the First, Tenth, and Eleventh Circuit Court of Appeals persuasive. Therefore, having granted Plaintiffs leave to amend their complaint to name two nondiverse defendants formerly identified by fictitious names, the Court finds that remand is proper under 28 U.S.C. § 1447(e).

Accordingly,

---

[2]John Moore replaced John Doe and has been dismissed by Plaintiffs. The fictitious John Roe has also been dismissed by Plaintiffs.

**IT IS HEREBY ORDERED** that the motion of Denise Lutz and Richard Lutz to remand their case to the Circuit Court of Lincoln County, Missouri, is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** this case is remanded to the Circuit Court of Lincoln County, Missouri, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

An Order of Remand shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  20th  day of May, 2015.